**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

IN RE:

| | |
|---|---|
| JOHN A. HINKLE and  THERESA KAY HINKLE | CASE NO. 04-61841 |
| DEBTORS | CHAPTER 7 |
| MASTERBRAND CABINETS, INC. | PLAINTIFF |
| v. | ADV NO. 05-6013 |
| JOHN A. HINKLE  THERESA KAY HINKLE | DEFENDANTS |

**MEMORANDUM OPINION ON
MOTION TO DISMISS
AND
MOTION FOR EXTENSION OF TIME TO FILE COMPLAINT OBJECTING
TO DISCHARGE**

**Background**

Defendant John Hinkle is a former employee of plaintiff Masterbrand Cabinets, Incorporated (Masterbrand).

Defendants John and Theresa Hinkle filed a voluntary petition under chapter 7 on November 16, 2004. The 11 U.S.C § 341 Meeting of Creditors was scheduled for and conducted on January 6, 2005. Consequently, the deadline to file a complaint in opposition to debtors' discharge or the discharge of a debt was set for 60 days after the scheduled 341 meeting or on March 7, 2005.[1] Plaintiff's complaint to determine dischargeability of a debt under 11 U.S.C. § 523 was filed on March 10, 2005.

In their April 15, 2005 answer, defendants asserted the complaint was "time barred" and failed to "comply with applicable bankruptcy rules." (Document # 11). On May 9, 2005 defendants filed a motion to dismiss the adversary proceeding with prejudice citing plaintiff's failure to timely file the

---

[1] Deadlines set pursuant to Bankruptcy Rule 4004(a) and Rule 4007(c).

complaint pursuant to Bankruptcy Rule 4007(c)[2] and Rule 9006(b)(3)[3]. (Document # 12). In response to the motion to dismiss, plaintiff filed a motion to extend the time to file a complaint objecting to dischargeability and a separate objection to the dismissal motion. (Documents # 17 and # 18).

The court held a preliminary hearing on the motion to dismiss on May 19, 2005. The hearing was continued to allow time for defendants to review and respond to plaintiff's objection filed on May 17, 2005. Defendants subsequently filed an objection to the motion to extend. The continued dismissal hearing along with a hearing on plaintiff's motion to extend was held on June 23, 2005 at which time the court heard arguments of counsel and having reviewed the record took the matters under advisement.

The matter now before the court is whether plaintiff is entitled to the defense of equitable tolling to allow the late-filed complaint and even later-filed motion for leave to file out of time.

**Analysis**

In its reading of the plain language of Rule 4007(c) this court viewed the time limit in the Rule as creating a jurisdictional requirement. See this court's opinion in *In re Gentry, 2003 Bankr. LEXIS 713* (unpublished) decided July 7, 2003. However, on August 14, 2003 the Sixth Circuit, relying on its holding in *In re Isaacman, 26 F.3d 629 (6th Cir. 1994)*, reached the legal conclusion that Rule 4007(c)'s time limits are not jurisdictional and are subject to the court's equitable authority. In the case of *Nardei v. Maughan (In re Maughan), 340 F.3d 337, 343 (6th Cir. 2003)* the Sixth Circuit held "the rule is a statute of limitation – or simply a deadline – that is generally subject to the defenses of waiver, estoppel, and equitable tolling." *Id at 344.*

The plaintiff in *Maughan*, as here, raised the defense of equitable tolling to defendant's claim that the complaint was untimely and subject to

---

2 Defendants' answer incorrectly cites bankruptcy rule 4004(a). Defendants' counsel corrected the citation during the June 23, 2005 arguments on the motion to dismiss.
3 Defendants' answer incorrectly cites Bankruptcy Rule 9006(3).

dismissal. Plaintiff Nardei and Defendant Maughan were engaged in an unsuccessful business relationship. Nardei sued Maughan and a judgment was entered in Nardei's favor. The parties then entered into a post-judgment settlement agreement whereby Maughan was to pay Nardei over a period of years. Maughan, being unable to meet the terms of the agreement, filed a voluntary petition under chapter 7 of the Bankruptcy Code. Maughan was ordered by the court to appear for a rule 2004 examination. Maughan appeared but failed to bring the documents requested by Nardei. During the following two months Maughan repeatedly promised to produce the requested documents and repeatedly failed to comply. The deadline to file a complaint objecting to dischargeability passed without Nardei filing a motion for an extension of time or filing an actual complaint.

Pursuant to the circuit court's ruling in *Maughan* this court must consider the applicability of the doctrine of equitable tolling to the circumstances in the case at bar and if applicable the court must allow plaintiff Masterbrand's untimely filing of the complaint. The *Maughan* court provides direction to this court on the application of the court's equitable powers. Citing *Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988)*, the Sixth Circuit instructs, there are five factors that should be considered when deciding to apply the doctrine of equitable tolling: "The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."

Plaintiff does not allege a lack of notice or knowledge nor does plaintiff claim any ignorance of the notice requirements. As such, the court will focus on Masterbrand's diligence in pursuing the right to file the complaint. In making its determination of Masterbrand's diligence or lack thereof, the court looks to the motion for an extension of time and the objection to the motion to dismiss. Having reviewed the record, the court is unable to find in Masterbrand's actions a similar diligence that the *Maughan* court finds in Mr. Nardei's multiple attempts to acquire the documents. Instead the court sees

many references to actions taken by counsel on the eve of the filing deadline. In this case, as distinguished from *Maughan*, the creditor/plaintiff Masterbrand failed to meet a plainly stated deadline and has not demonstrated diligence in attempting to comply with that deadline.

The Sixth Circuit limited its holding in *Isaacman* to "a situation in which a bankruptcy court erroneously set a second bar date and a creditor reasonably relied upon that second date" thereby failing to file a complaint by the bar date. *Maughan at 342*. The holding in *Maughan* is similarly limited to a situation where the creditor was diligent in seeking to enforce his rights and debtor's delay contributed to the failure to adhere to the deadlines. The *Maughan* court used its equitable power to "ensure that the debtor was not permitted to frustrate the ability of a litigant to comply with applicable law by failing or neglecting to adhere to lawful orders of the Court."

The *Maughan* court's ruling did not prejudice the defendant/debtor in that it was only due to his lack of cooperation that the complaint was untimely. In this instance, the decision to use the court's equitable powers to grant the motion to extend and allow this adversary proceeding to continue would result in prejudice to the defendant given the failure to meet the deadline is not attributable to either the action or the inaction of the defendant.

Creditor has simply failed to meet a plainly stated deadline.

An order in conformity with this opinion will be entered separately.

Copy to:
John F. W. Fleming, Esq.
Michael C. Cunnagin, Esq
James R. Westenhoefer, Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Wednesday, July 13, 2005**
(jms)